UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CONLEY,

        Plaintiff,                           Hon. Paul L. Maloney

v.                                          Case No. 1:20-cv-168

JOHN HESS, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 14).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against seven individuals alleging numerous violations of his rights during his incarceration at the Ionia County Jail.   (ECF No. 1). At this juncture, the only claims remaining are First Amendment claims against Defendant Cathy Ross.   With respect to these claims, Plaintiff alleges the following.

The Ionia County Jail employs a "postcard-only" policy for incoming personal mail. Pursuant to this policy, incoming personal mail other than postcards is rejected. Plaintiff challenges the constitutionality of the jail's postcard-only policy and further alleges that application of this policy has prevented him from receiving mail from his

wife containing legal research.    Finally, Plaintiff alleges that Defendant Ross improperly rejected incoming mail addressed to him, specifically, three books he ordered from Amazon.    Defendant Ross advances several arguments that she is entitled to relief. Plaintiff has responded to the Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."    *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.    *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005).    The non-moving party "may not rest upon [his] mere allegations," but must

instead present "significant probative evidence" establishing that "there is a genuine

issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for

summary judgment by "simply arguing that it relies solely or in part upon credibility

determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th

Cir. 2004). Rather, the non-moving party "must be able to point to some facts which

may or will entitle him to judgment, or refute the proof of the moving party in some

material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a

trial on the hope that a jury may disbelieve factually uncontested proof." *Id*. at 353-54.

In sum, summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

### I.    Postcard-Only Policy

Plaintiff challenges the constitutionality of the postcard-only policy allegedly

implemented at the Ionia County Jail. Plaintiff concedes that Defendant Ross was not

responsible for creating the challenged policy. (ECF No. 15-1, PageID.201).

Accordingly, Defendant argues that, to the extent Plaintiff challenges the

constitutionality of the alleged policy, she is not the proper defendant. The Court

agrees. *See, e.g., Bailey v. Bureau of Health Care Services*, 2017 WL 5150786 at *3

(W.D. Mich., Nov. 7, 2017) ("[t]he proper defendant for a challenge to MDOC policy is the

MDOC's policy-maker").    The undersigned recommends, therefore, that to the extent Plaintiff is challenging the constitutionality of the jail's postcard-only policy, Defendant Ross' motion for summary judgment be granted.

## II.    Mail Rejection

Plaintiff advances two mail-rejection claims.    Plaintiff alleges that, as a result of the jail's postcard-only policy, his wife has been unable to send him mail containing legal research.    Plaintiff also alleges that, on or about January 11, 2020, Defendant Ross rejected three books he ordered from Amazon.

### A.    Mail from Plaintiff's Wife

Defendant argues that she is entitled to relief as to this claim because Plaintiff does not allege that she rejected any mail from his wife.    A review of Plaintiff's complaint reveals that Plaintiff makes no allegations that Defendant Ross ever rejected mail from his wife.    Likewise, in his deposition, Plaintiff makes no allegations that Defendant Ross ever rejected mail from his wife.    As Defendant argues, liability on a claim such as this must be premised upon active unconstitutional behavior on her part. *See, e.g., Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).    While the Court understands the frustration Plaintiff experienced attempting to receive certain mail from his wife, Plaintiff neither alleges nor presents evidence that such difficulties were the result of any action by Defendant Ross.    Accordingly, the undersigned recommends that with respect to this claim, Defendant Ross is entitled to summary judgment.

B.    Rejection of Books from Amazon

Plaintiff alleges that Defendant Ross, on January 11, 2020, rejected three books he ordered from Amazon.    Plaintiff concedes that all three books, each titled "Letters to Penthouse," contained explicit sexual content.    (ECF No. 15-1, PageID.196-97). Defendant asserts in an affidavit that she rejected the subject material because it contained "sexually explicit material."    (ECF No. 15-3, PageID.218-19).    Defendant argues that she is entitled to qualified immunity as to this claim.    The Court agrees.

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation.    *See Davis v. Scherer*, 468 U.S. 183, 195 (1984).    As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated.    *Ibid.*    Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.    *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).    The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve.    *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis.  The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity.  *Ibid.*  On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted.  The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right."  *Ibid.*

Courts have long held that a prisoner's First Amendment rights are not violated where prison officials reject incoming mail of a sexually explicit nature.  *See, e.g., Rogers v. Martin*, 84 Fed. Appx. 577, 579 (6th Cir., Dec. 11, 2003); *Flakes v. Brown*, 2016 WL 3536671 at \*9-10 (W.D. Mich., June 29, 2016).  Plaintiff's argument that the "Letters from Penthouse" books are similar in nature to other materials he has been permitted to possess is not persuasive.  Plaintiff does not allege that Defendant Ross was in any way involved in the decision whether to permit Plaintiff to possess these other materials. Defendant Ross' right to rely on authority making lawful the rejection of sexually explicit material is not diminished simply because some other individual permitted Plaintiff to possess such material.  This argument is, therefore, rejected.  Accordingly, the undersigned recommends that, with respect to this claim, Defendant Ross is entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 14) be granted and this action terminated.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 5, 2021                                     /s/ Phillip J. Green
                                                                 PHILLIP J. GREEN
                                                                 United States Magistrate Judge